**SO ORDERED.**

**SIGNED this 14 day of October, 2005.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE** | ) | |
| | ) | **NO. 03-18744** |
| **TRANSCOMMUNICATIONS** | ) | |
| **INCORPORATED,** *et al.* | ) | |
| | ) | **Chapter 11** |
| **Debtors** | ) | |
| | ) | |
| **INNOVATIVE PROCESSING** | ) | |
| **SOLUTIONS, LLC** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **ADV. 05-1020** |
| | ) | |
| **SEGONE, INC., and TTI HOLDINGS INC.** | ) | |
| | ) | |
| **Defendants** | ) | |

**M E M O R A N D U M**

1

This proceeding is before the court on a motion for dismissal without prejudice filed on behalf of defendant, segOne, Inc. The motion is opposed by the plaintiff. For the reasons that follow, the court is of the opinion that the motion should be granted.

I.

On February 2, 2005, the plaintiff filed the complaint initiating this proceeding against segOne and defendant TTI Holdings, Inc. ("TTI"). The complaint sought a declaratory judgment that (1) the prepetition Master Equipment Lease Agreement between TTI and segOne was properly assigned to and assumed by the plaintiff pursuant to orders of the court, (2) the lease had not theretofore been terminated, (3) segOne has waived any pre-assignment breach of the lease, and (4) the lease is a valid and enforceable contract between the plaintiff and segOne, and that the plaintiff is entitled to all the rights of TTI under the lease. On March 15, 2005, segOne filed an answer with a counterclaim, which asserted that segOne's obligations under the Lease were discharged by virtue of the plaintiff's breach thereof consisting of a failure to recover 56 leased units that are presently in the hands of a third party. The answer also includes a counterclaim seeking a money judgment for damages for the plaintiff's alleged breach of the lease.

On April 6, 2005, the plaintiff filed an answer to the counterclaim and reply counterclaims, which responded to the averments of segOne's counterclaim and also asserted additional claims for relief. Specifically, the plaintiff asserts that segOne has breached the lease by (a) violating a covenant not to solicit, market, promote, or provide equipment to the plaintiff's competitors, and (b)

refusing to supply equipment to the plaintiff to provide to a prospective customer. The "reply counterclaim" seeks money damages for past violations and an injunction against future violations.[1]

On April 25, 2005, the plaintiff filed a motion for partial judgment on the pleadings, to which no response was filed. Accordingly, on June 23, 2005, the court entered an order granting the plaintiff's motion. That order determined that the lease was properly assumed by TTI and assigned to the plaintiff pursuant to orders entered in TTI's Chapter 11 case, that the lease was not terminated prior to the assumption and assignment, that segOne is barred from claiming that the lease was breached prior to the assumption and assignment, and that the lease was a valid and enforceable contract between the plaintiff and segOne, entitling the plaintiff to all of TTI's rights thereunder, as of the assumption and assignment. Accordingly, the only issues left unresolved are (1) whether the plaintiff breached the lease after the assignment such that segOne's obligations thereunder were discharged, (2) if not, whether segOne has breached the lease, and (3) if so, the appropriate damages and/or other relief for the breach. SegOne contends that the court now lacks subject matter jurisdiction of this proceeding, and that the court should also dismiss this proceeding in recognition of the parties' contractual forum selection clause.

---

[1]SegOne asks the court to disregard the new causes of action alleged in the plaintiff's reply, as applicable rules of procedure do not provide for pleadings beyond the complaint, counterclaim, cross-claim, third-party complaint, and reply. SegOne is correct, as the rules provide that "[n]o other pleading shall be allowed." Fed. R. Bankr. P. 7007; Fed. R. Civ. P. 7(a). However, the court will overlook the procedural error as, had the plaintiff followed the proper procedure and sought leave to amend its complaint, the motion to amend would likely have been granted. *See* Fed. R. Bankr. P. 7015; Fed. R. Civ. P. 15(a) ("leave shall be freely given when justice so requires").

II.

The district courts have jurisdiction of "cases under title 11" and "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §§ 1334(a), (b), 157(a). Neither segOne's counterclaim nor the plaintiff's "reply counterclaim" is a "case under title 11, so subsection (a) of section 1334 is inapplicable. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 583 (6th Cir. 1990). As for subsection (b) of the jurisdictional statute, the Sixth Circuit does not distinguish between proceedings "under title 11," proceedings "arising in" bankruptcy cases, and proceedings "related to" bankruptcy cases. "These references operate conjunctively to define the scope of jurisdiction. Therefore, for purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1141 (6th Cir. 1991) (citation omitted). "[C]laims will be considered 'related to' the . . . bankruptcy proceeding if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Browning v. Levy*, 283 F.3d 761, 773 (6th Cir. 2002) (quoting *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc. (In re Sanders Confectionary Prods., Inc.)*, 973 F.2d 474, 482 (6th Cir. 1992)). "Stated another way, a claim is 'related to' the bankruptcy proceeding if it would have affected the debtor's rights or liabilities." *Id.* (citing *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 489 (6th Cir. 1996)).

SegOne does not dispute that the plaintiff's claim for a declaratory judgment regarding the legal effect and effectiveness of TTI's assignment of the equipment lease to the plaintiff pursuant

to § 365 of the Bankruptcy Code arose under the Code. Accordingly, the district court had jurisdiction of that claim and validly referred that claim to the bankruptcy court. 28 U.S.C. §§ 1334(b), 157(a). However, segOne's counterclaim seeking relief for the plaintiff's alleged post-assignment default under the equipment lease that TTI assigned to it cannot conceivably have any effect on TTI's bankruptcy estate. The same is true of the plaintiff's "reply counterclaim" for damages for segOne's alleged post-assignment breaches of the lease. Thus, the district court and, by reference, this court lacks "bankruptcy" jurisdiction of those claims.

The district court may have supplemental jurisdiction over the claims, *id.* § 1367(a), but a district court's supplemental jurisdiction may not be referred to a bankruptcy court because 28 U.S.C. § 157(a) provides for the reference only of "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11," *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 570-73 (5th Cir. 1995); *Halvajian v. Bank of N.Y., N.A.*, 191 B.R. 56, 58-59 (D.N.J. 1995).[2]

---

[2] Moreover, if this court was empowered to exercise supplemental jurisdiction, the court would exercise its discretion not do so in this proceeding because the counterclaim and the "reply counterclaim" substantially predominate over the claim set forth in the original complaint. 28 U.S.C. § 1367(c)(2); *see. e.g.*, *Bank of Am., N.A. v. York (In re York)*, 291 B.R. 806, 816 (Bankr. E.D. Tenn. 2003) (Stinnett, J.), *Smith Mech. Contractors, Inc. v. Premier Hotel Dev. Group (In re Premier Hotel Dev. Group)*, 270 B.R. 243, 255-56 (Bankr. E.D. Tenn. 2001) (Parsons, J.), and *Beneficial Nat'l Bank USA v. Best Reception Sys., Inc. (In re Best Reception Sys., Inc.)*, 220 B.R. 932, 953 (Bankr. E.D. Tenn.) (Stair, J.), *motion to alter or amend denied*, 219 B.R. 980 (Bankr. E.D. Tenn. 1998) (all listing some factors courts consider in determining whether to exercise discretionary or permissive abstention).

III.

Because this court lacks jurisdiction to hear and determine segOne's counterclaim and the plaintiff's "reply counterclaim," the court will grant segOne's motion to dismiss the remainder of this adversary proceeding without prejudice. *See*, *e.g.*, *Doctors Hosp. of Hyde Park, Inc. v. Desnick (In re Doctors Hosp. of Hyde Park, Inc.)*, 308 B.R. 311, 318 (Bankr. N.D. Ill. 2004); *Derenick v. Cohn (In re Derenick)*, Ch. 7 Case No. 02-15399, Adv. No. 03-1047, slip op. at 1-2 (Bankr. E.D. Tenn. Nov. 18, 2003).

###